UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE OUTLEY, JR. ,

Plaintiff,

v.

CITY OF MODESTO, et al.,

Defendants.

No.  2:26-cv-0687 CSK P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se, and is currently housed at the California Health Care Facility in Stockton, ("CHCF").  Plaintiff filed a motion for temporary restraining order and preliminary injunction along with his civil rights complaint under 42 U.S.C. § 1983. The Court has not yet screened the complaint.  As discussed below, the Court recommends that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) be denied.

I.    PLAINTIFF'S COMPLAINT

In his 51 page handwritten complaint, plaintiff alleges he was subjected to an illegal search and seizure, false arrest, kidnapping, malicious prosecution, conspiracy and contends certain defendants allegedly failed to intervene; plaintiff was also subjected to excessive force, assault and battery, invasion of privacy, dissemination of protected information, negligence/gross negligence, and claims a violation of the Tom Bane Civil Rights Act.  (ECF No. 1 at 35-48

1

(Claims 1 - 5).)  Plaintiff's claims stem from an incident at a Modesto city park on March 19, 2024, where plaintiff alleges he was attempting to distract his two year old godson with plaintiff's "big knife in a sheath with draw strings on it," letting his godson grab the strings and sheath, which calmed the godson down, at which point plaintiff returned the sheathed knife into his cargo shorts pocket.  (ECF No. 1. at 10.)  Plaintiff contends the knife remained sheathed at all times. (Id.)  Someone in the crowded park called 911, resulting in no less than five city police officers responding to the scene.  (Id. at 23-24.)  As a number of the defendant officers approached plaintiff, he backed away, and defendant Brandon Soria, police officer with the Modesto Police Department, came up behind plaintiff and allegedly used unnecessary force by restraining plaintiff in a wrist lock; defendant Brandon Soria then removed plaintiff's knife and threw it on the table, and plaintiff was put in the back of a police car.  (Id. at 7, 24.)  Plaintiff alleges there was no probable cause or reasonable suspicion for his arrest, and claims he was not on parole or probation or any other type of supervision at that time.  (Id.)  Plaintiff further alleges these violations of his rights occurred because of customs or policies maintained by the municipal defendants.  (Id. at 26.)

According to plaintiff's motion for injunctive relief, he was "only charged with an 'after the fact' charge of 21310 Dirk or Dagger."[1]  (ECF No. 2 at 2.)  Plaintiff alleges that the matter involving all of the defendants herein was dismissed in the interest of justice on November 25, 2025.[2]  (ECF No. 1 at 22.)

Plaintiff claims he has suffered monetary losses, lost his knife, and also suffered the invasion of privacy by the release and spread of his protected juvenile crime details, which he alleges puts plaintiff at future risk of more unlawful searches and seizures.  (ECF No. 1 at 25-26.) As relief, plaintiff seeks a permanent injunction preventing further unlawful searches and

_____

[1]  California Penal Code § 21310 provides as follows:  "Except as provided in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, any person in this state who carries concealed upon the person any dirk or dagger is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170."  Cal. Penal Code § 21310.

[2]  Plaintiff states he took a plea offer on an unrelated matter (ECF No. 1 at 22), which may be why he is currently in state custody.

2

seizures, false arrest, and dissemination of protected information, unreasonable discriminatory uses of force, and racially and biased profiling of plaintiff. (Id. at 49-50.) Plaintiff also seeks money damages, costs of suit, and requests that the Court seal his entire motion for preliminary injunctive relief (ECF No. 2) and certain portions of his complaint (ECF No. 1 at 42:24; 50:6-7, 14-15). (Id. at 50.)

II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231 requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. E.D. Cal. Local Rule 231(a)-(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild

3

Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible—a showing of likelihood is required. Id. at 1131.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.    PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff's motion for a temporary restraining order and preliminary injunction seeks the preliminary relief set forth in his complaint:  a preliminary injunction ordering defendants and their agents to return plaintiff's knife taken on March 19, 2024, redact any protected information that is published about plaintiff's juvenile record, and to refrain from any further searches and seizures of plaintiff without a search warrant or in the absence of exigent circumstances, pending resolution of this action.  (ECF No. 2 at 6, incorporating ECF No. 1 at 50.)

IV.    DISCUSSION

Plaintiff's request for preliminary injunctive relief was filed with his complaint that has not yet been screened by the Court, and no defendant has been served with process.  Until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief he seeks.  See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc. v. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

Moreover, plaintiff lacks standing to seek injunctive relief based on future searches and seizures.  A plaintiff has standing to seek injunctive relief only when the possibility of future injury is particular and concrete.  O'Shea v. Littleton, 414 U.S. 488, 496-97 (1974).  Put another way, a plaintiff must demonstrate that a "credible threat" exists that he will again be subjected to the specific injury for which he seeks injunctive relief.  See Kolender v. Lawson, 461 U.S. 352, 355 n.3 (1983) (being stopped fifteen times for the same offense within two years constitutes a credible threat).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  O'Shea, 414 U.S. at 495-96; see also Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1042 (9th Cir. 1999) (holding that motorists stopped near the border allegedly due to their Hispanic appearance had no standing to pursue injunctive relief against Border Patrol officials because the fact that the motorists had each been stopped only one time in about ten years demonstrated it was unlikely they would be stopped again).

Here, plaintiff alleges defendant Brandon Soria is biased against plaintiff based on verbal comments plaintiff's girlfriend overheard during plaintiff's November 25, 2025 preliminary hearing, and plaintiff claims that he has been falsely arrested and "on numerous different occasions when dealing with Modesto police officers the encounters have been similarly dismissed."  (ECF No. 2 at 1, 3; see also ECF No. 1 at 26.)  But plaintiff provides insufficient facts for the Court to determine whether the alleged prior "different occasions" pose a credible threat sufficient to demonstrate plaintiff is likely to again be subjected to specific injury if preliminary injunctive relief is not granted.  In addition, at present, plaintiff is housed in CHCF. Therefore, plaintiff cannot demonstrate that he faces the likelihood of irreparable harm in the absence of preliminary relief.  See Winter, 555 U.S. at 20.  Because plaintiff is presently incarcerated, he faces no risk of further searches or seizures by defendants who are located in Modesto.

Plaintiff's request for the return of his knife is not properly raised in a motion for injunctive relief.  Plaintiff cannot demonstrate that absent immediate return of the knife he will suffer irreparable injury, and could not possess a knife in prison in any event.

5

Finally, with regard to plaintiff's request to have protected information redacted, it is unclear in what document the protected information was included. To the extent it was included in discovery obtained in the now dismissed criminal case in state court (ECF No. 1 at 14), plaintiff fails to demonstrate such information is accessible to the public. At a minimum, plaintiff should stop including such details in his filings in this action, because all filings herein are a matter of public record. In an abundance of caution, the Court will seal plaintiff's motion for preliminary injunctive relief (ECF No. 2) and, in the interest of judicial economy, will seal plaintiff's complaint (ECF No. 1). But in the future, plaintiff should not include such details and only needs to refer generally to his "juvenile record," without providing any specific details related thereto.

V.    CONCLUSION

For the reasons stated herein, this Court recommends that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case.

2. The Clerk of the Court is directed to seal plaintiff's complaint (ECF No. 1) and motion for temporary restraining order (ECF No. 2).

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

///

///

///

///

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 26, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/outl0687.tro.pi