UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE OUTLEY JR., Plaintiff, v. CITY OF MODESTO, et al., Defendants. | Case No. 2:26-cv-00687-DJC-CSK (PS) ORDER (ECF Nos. 1, 16, 17, 20) |

Plaintiff Michael Dewayne Outley Jr. is a former state prisoner proceeding pro se in this civil rights action.[1] Plaintiff initiated this action while incarcerated, seeking leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 13.) On October 2, 2026, after being released from custody, Plaintiff filed a renewed request to proceed IFP. (ECF No. 20.) Plaintiff's renewed application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's renewed IFP request (ECF No. 20) and denies Plaintiff's prior IFP request (ECF No. 13) as moot.

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. THE CIVIL RIGHTS ACT

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S.

42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III. THE COMPLAINT

Plaintiff's Complaint identifies the following defendants: the City of Modesto; the Modesto Police Department; Police Chief Brandon Gillespi, in his official capacity; Officer Gerald L. Bohanan, in his individual capacity, Officer Brandon Soria, in his individual capacity; Officer Tyler Horton, in his individual capacity; Officer Jesus Padilla, in his individual capacity; Officer Felix Carrillo, in his individual capacity; Officer Casey Graham, in his individual capacity; and Officer Carolina Gonzalez, in her individual capacity. Compl. at 3, 7-8, 9 (ECF No. 1). The Complaint appears to stem from the events of March 19, 2024, where Plaintiff alleges he was attempting to distract his two-year-old godson with a sheathed knife and was subsequently arrested after a witness made a 911 call. *Id.* at 10. Plaintiff asserts the following causes of action: (1) 42 U.S.C. § 1983 for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments; (2) 42 U.S.C. § 1983 for "false arrest/kidnapping/malicious prosecution/conspiracy/failure to intervene" in violation of the Fourth and Fourteenth Amendments; (3) "Excessive Force/Assault and Battery" in violation of the Fourth and Fourteenth Amendments and California state law; (4) 42 U.S.C. § 1983 for "Invasion of

Privacy/Dissemination of Protected Information/Causing Bodily Privacy" in violation of the Fourth and Fourteenth Amendments; (5) "Negligence/Gross Negligence"; and (6) violation of the Tom Bane Civil Rights Act. *Id.* at 35-48. For relief, Plaintiff seeks a permanent injunction preventing further unlawful searches and seizures, false arrest, dissemination of protected information, unreasonable discriminatory uses of force, and racially and/or biased profiling of plaintiff. *Id.* at 49-50. Plaintiff also seeks money damages and costs of suit, and requests that the Court seal his entire motion for a temporary restraining order (ECF No. 2) and certain portions of his Complaint. *Id.* at 50. In an abundance of caution, the Court sealed the entire Complaint and Plaintiff's motion for a temporary restraining order. 3/26/2026 Order and Findings and Recommendations (ECF No. 10).

## IV. DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

Here, Plaintiff's 51-page handwritten Complaint is not clearly organized and is difficult to understand. Plaintiff includes repetitive facts, argumentative statements, citations to documentary evidence and to case law, and unclear abbreviations, among other things. The inclusion of such extraneous information in the Complaint unduly lengthens and confuses the pleading. Further, the Court is unable to ascertain the specific claims Plaintiff intends to pursue, especially where the Complaint groups together multiple causes of action and defendants, such as the second cause of action for "false arrest/kidnapping/malicious prosecution/conspiracy/failure to intervene," which is asserted collectively against ten municipal and individual defendants based on vague and conclusory allegations of Defendants' participation in wrongdoing. *See* Compl. at 38.

As a result, the Complaint is not short and plain, in violation of Rule 8(a)(2). Therefore, the Complaint must be dismissed. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of incomprehensible rambling"). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *See id.* Plaintiff's pro se status does not relieve him of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the Complaint must be dismissed. The Court will, however, grant leave to file an amended complaint.

**B. Leave to Amend**

In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could plainly and succinctly allege sufficient facts to state civil rights claims, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how each Defendant's actions in connection with the March 19, 2024 arrest incident resulted in a

deprivation of Plaintiff's constitutional rights. *See, e.g.*, *West*, 487 U.S. at 48. Also, the amended complaint must allege in specific terms how each named defendant is involved. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. at 371; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an

amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

**C. Plaintiff's Miscellaneous Motions**

On September 3, 2026, Plaintiff filed a motion to stay on grounds that his right of access to court while incarcerated is being impeded or denied by "County Defendants" County of Stanislaus, the Stanislaus County Sheriff's Department, and Jeff Dirkse. (ECF No. 16.) Plaintiff also filed a "Supplemental Notice and Good Faith Request of the Court" asserting that Plaintiff expects to be detained again after his release on September 3, 2026 and requesting that "all submitted moving papers be reviewed answered and that they be 'judicially noticed' for each of Plaintiff's ongoing and pending [matters]," and that Plaintiff be "granted leave to actually serve Defendants a copy" of something. (ECF No. 17.) It is not clear what Plaintiff's miscellaneous request is seeking. To the extent Plaintiff asks the Court to interfere with other pending actions in this district, the Court is unable to do so. (*See* ECF No. 17 at 2.) In any event, because Plaintiff's renewed IFP motion indicates that he is no longer incarcerated, and therefore there is no longer any risk that Plaintiff will be unable to timely respond to filing deadlines on the basis of limited resources provided him as an inmate, Plaintiff's motion to stay and Plaintiff's request (ECF Nos. 16, 17) are denied as moot.

## V. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 20) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed;

4. Plaintiff's motion to stay (ECF No. 16) is DENIED as moot; AND

5. Plaintiff's miscellaneous request (ECF No. 17) is DENIED as moot.

Dated: October 15, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, outl.0687.26